IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| YVETTE VALLIER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 20-2312-KHV |
| ) | |
| MARIA C. DAVILA, M.D. d/b/a ) | |
| AWAKENINGS KC and MIDWEST ) | |
| PSYCHIATRIC PA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On February 27, 2019, Yvette Vallier filed suit in the District Court of Johnson County, Kansas against Maria C. Davila, M.D. d/b/a Awakenings KC and Midwest Psychiatric PA. See Notice Of Removal (Doc. #1) filed June 24, 2020 at 1–2. On May 20, 2020, plaintiff added Meritain Health, Inc. as a defendant.[1] Id. at 2; see First Amended Petition For Damages—Wrongful Death (Doc. #1-1). Plaintiff alleges that because defendants failed to provide her son a particular drug therapy, he died from an opioid overdose. See First Amended Petition For Damages—Wrongful Death (Doc. #1-1) at 4. On June 24, 2020, defendants removed the action to this Court. See Notice Of Removal (Doc. #1). This matter is before the Court on Defendant Meritain Health, Inc.'s Motion For Leave To File Document Under Seal (Doc. #17) filed July 15, 2020. For reasons stated below, the Court overrules defendant's motion.

---

[1] Plaintiff also added as defendants CVS Health Corporation and Aetna, Inc. See First Amended Petition For Damages—Wrongful Death (Doc. #1-1). On July 6, 2020, plaintiff dismissed these defendants. See Notice Of Dismissal Without Prejudice Pursuant To Rule 41(a)(1)(A)(i) (Doc. #12).

**Factual And Procedural Background**

Plaintiff alleges the following:

In September of 2017, Dr. Davila began treating plaintiff's son, Joshua Vallier, who was a recovering opioid addict. First Amended Petition For Damages—Wrongful Death (Doc. #1-1) at 3. Dr. Davila prescribed Joshua the drug Vivitrol, which successfully prevented his opioid cravings. On January 1, 2018, Joshua's employer-based health insurance changed to Aetna, Inc. ("Aetna"). Meritain Health, Inc. ("Meritain Health")—an Aetna company—managed the insurance, which covered Vivitrol. On multiple occasions during 2018, Vivitrol's manufacturer attempted to ship the drug to Dr. Davila by seeking pre-approval from Aetna. Despite assurances that Aetna's policy covered Vivitrol, Dr. Davila failed to administer the drug to Joshua and to inform him that without it, he was at substantial risk of an opioid overdose. On October 2, 2018, Joshua died of an opioid overdose.

Plaintiff asserts wrongful death claims based on defendants' failures to "overcome the paper bureaucracy and communication failures that prevented Joshua Vallier from receiving the life saving drug that was covered under his health insurance policy." Id. at 4. Meritain Health seeks to file under seal the memorandum in support of its motion to dismiss.

**Legal Standards**

Federal courts have long recognized a common-law right of access to judicial records. United States v. Bacon, 950 F.3d 1286, 1292 (10th Cir. 2020). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). Although this right is not absolute, "there is a strong presumption in favor of public access." Bacon, 950 F.3d at 1293 (citations omitted). The party seeking to overcome this presumption must therefore show

that countervailing interests "heavily outweigh" the public interests in access to judicial records. Id. (citations omitted). That is, the party must articulate real and substantial interests that justify depriving the public of access to records which inform the Court's decision-making process. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012); Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017); Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

## Analysis

Meritain Health seeks to file under seal the memorandum in support of its motion to dismiss. In support, it points out that this case involves Joshua Vallier's health and medical information, which privacy regulations under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may protect. Meritain Health explains that the parties are currently discussing a protective order and a HIPAA authorization to protect certain information. In the meantime, to "guard against any claim of improper disclosure" of protected health information, Meritain Health seeks to file its memorandum under seal. Defendant Meritain Health, Inc.'s Motion For Leave To File Document Under Seal (Doc. #17) at 2.

Meritain Health has not proffered real and substantial interests that justify sealing the memorandum in support of its motion to dismiss. It does not specify which information is allegedly protected or identify applicable regulations. In fact, Meritain Health leaves uncertain whether any information in its memorandum is entitled to protection at all. See id. at 1 (information "may constitute protected health information"); id. at 2 (same). It merely speculates without further explanation that HIPAA regulations *may* cover some unspecified content. Meritain Health has therefore failed to show that countervailing interests "heavily outweigh" the public interests in access to judicial records. Bacon, 950 F.3d at 1293 (citations omitted).

**IT IS THEREFORE ORDERED** that <u>Defendant Meritain Health, Inc.'s Motion For Leave To File Document Under Seal</u> (Doc. #17) filed July 15, 2020 is **OVERRULED.  The Court requests that the Clerk immediately unseal <u>Defendant Meritain Health, Inc.'s Motion For Leave To File Document Under Seal</u> (Doc. #17) and <u>Defendant Meritain Health, Inc.'s Memorandum In Support Of Motion To Dismiss</u> (Doc. #17-1).**

Dated this 10th day of August, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
