# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| YVETTE VALLIER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 20-2312-KHV |
| ) | |
| MARIA C. DAVILA, M.D. d/b/a ) | |
| AWAKENINGS KC and MIDWEST ) | |
| PSYCHIATRIC PA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER TO SHOW CAUSE

On February 27, 2019, Yvette Vallier filed suit in the District Court of Johnson County, Kansas against Maria C. Davila, M.D. d/b/a Awakenings KC and Midwest Psychiatric PA. See Notice Of Removal (Doc. #1) filed June 24, 2020 at 1–2. On May 20, 2020, plaintiff added Meritain Health, Inc. as a defendant.[1]  Id. at 2; see First Amended Petition For Damages— Wrongful Death (Doc. #1-1). On June 24, 2020, defendants removed the action to this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331, on the ground that ERISA preempts plaintiff's state law claims. See Notice Of Removal (Doc. #1) at 4. On October 19, 2020, the Court dismissed Meritain Health as a defendant. Memorandum And Order (Doc. #23).

The only remaining claim is plaintiff's claim under the Kansas Wrongful Death Statute, K.S.A. § 60-1901, against Dr. Davila. Dr. Davila consented to the motion removing the action to

---

[1] Plaintiff also added as defendants CVS Health Corporation and Aetna, Inc. See First Amended Petition For Damages—Wrongful Death (Doc. #1-1). On July 6, 2020, plaintiff dismissed these defendants. See Notice Of Dismissal Without Prejudice [Pursuant] To Rule 41(a)(1)(A)(i) (Doc. #12).

this Court pursuant to the Court's federal question jurisdiction.  See Notice Of Removal (Doc. #1) at 4.  Dr. Davila, however, did not join the motion.  See id.  Moreover, the parties have not alleged diversity of citizenship.  The only basis for plaintiff's remaining claim is state law, and defendant has not alleged that ERISA preempts that state law claim.

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (after court dismisses federal claim, it generally retains discretion to exercise supplemental jurisdiction over pendent state-law claims); United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1220 (10th Cir. 2000) (once federal question jurisdiction exists, within trial court discretion to exercise supplemental jurisdiction over state law claims that derive from common nucleus of facts).  A district court deciding whether to exercise supplemental jurisdiction should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."  Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enter. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)).  The district court should "normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."  United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002) (suggesting district court should retain jurisdiction only if parties have expended great deal of time and energy on state law claims).

**IT IS THEREFORE ORDERED that on or before November 6, 2020, the parties show good cause in writing why the Court should not decline to exercise supplemental jurisdiction over plaintiff's remaining claim against Maria C. Davila, M.D. d/b/a Awakenings KC and Midwest Psychiatric PA.**

-3-

Dated this 23rd day of October, 2020 at Kansas City, Kansas.

                                                           <u>s/ Kathryn H. Vratil</u>
                                                         KATHRYN H. VRATIL
                                                         United States District Judge